## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
AMERICAN OPTICAL SERVICES, INC.,                :    Case No. 14-11528 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
GENESIS BILLING SYSTEMS, LLC,                   :    Case No. 14-11529 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
GENESIS EYE CENTER, PLLC,                       :    Case No. 14-11530 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
THOMAS RETINAL EYE SPECIALISTS, P.C.,           :    Case No. 14-11531 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
STEVEN T. OLKOWSKI, M.D., P.C.,                 :    Case No. 14-11532 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
JOSEPH D. UDVARI, JR., O.D., P.C.,              :    Case No. 14-11533 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LARRY R. MOORMAN, M.D., P.C.,                   :    Case No. 14-11534 (__)
                                                :
            Debtor.                             :
-----------------------------------------------x
```

```
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
PHILIP H. CLARK, O.D., P.A.,         :        Case No. 14-11535 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
LAKEWOOD EYE CLINIC, P.C.,           :        Case No. 14-11536 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
THOMAS G. ABELL, M.D., P.S.C.,       :        Case No. 14-11537 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
EYES ON YOU EYECARE, INC.,           :        Case No. 14-11538 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
EPIC MANAGEMENT GROUP, LLC,          :        Case No. 14-11539 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
926 N. WILCREST, LLC,                :        Case No. 14-11540 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
In re:                               :        Chapter 11
                                     :
EYEGLASSES ETC., INC.,               :        Case No. 14-11541 (__)
                                     :
            Debtor.                  :
------------------------------------------------x
```

2

```
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
J. RICHARD SUSI, D.O., P.A.,              :        Case No. 14-11542 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
JOSEPH KURSTIN, M.D., P.A.,               :        Case No. 14-11543 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
AOS-OMS, LLC,                             :        Case No. 14-11544 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
AMERICAN OPTICAL SERVICES, LLC,           :        Case No. 14-11545 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
EHS-RIVERFRONT, LLC,                      :        Case No. 14-11546 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
OPTICAL MANAGEMENT SYSTEMS, INC.,         :        Case No. 14-11547 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
RIVERFRONT HEARING, INC.,                 :        Case No. 14-11548 (__)
                                          :
            Debtor.                       :
-----------------------------------------------------x
```

3

```
-----------------------------------------------------------x
In re:                                   :        Chapter 11
                                         :
EXELA HEARING SERVICES, LLC,             :        Case No. 14-11549 (__)
                                         :
        Debtor.                          :
-----------------------------------------------------------x
In re:                                   :        Chapter 11
                                         :
MACKEYSER HOLDINGS, LLC,                 :        Case No. 14-11550 (__)
                                         :
        Debtor.                          :
-----------------------------------------------------------x
```

## MOTION OF DEBTORS FOR ORDER
## UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
## AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Thomas J. Allison in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "Allison Declaration"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4

2.      The legal bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3.      On June 20, 2014 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Allison Declaration, filed on June 21, 2014 and fully incorporated herein by reference.

4.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code").  No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

5.      As more particularly described in the Allison Declaration, the Debtors in these cases consist of twenty-three related entities.  MacKeyser ("MacKeyser") is the direct owner of American Optical Services, Inc., Exela Hearing Services, LLC, AOS-OMS, LLC, American Optical Services, LLC, and EHS-Riverfront, LLC.  American Optical Services, Inc. and Exela Hearing Services, LLC, are in turn, the direct owners of Optical Management Systems, Inc. and Riverfront Hearing, Inc., respectively.  The remaining entities are wholly owned subsidiaries of American Optical Services, LLC.

## RELIEF REQUESTED

6.      By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Debtors' Chapter 11 Cases for procedural purposes only.

5

## BASIS FOR RELIEF

7.      Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  See Fed. R. Bankr. P. 1015(b)(4).

Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as an:

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

See 11 U.S.C. § 101(2).

8.      Further, Local Rule 1015-1 provides:

[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

See Del. Bankr. L.R. 1015-1.

9.      The Debtors in these proceedings include MacKeyser and twenty-two of its subsidiaries and affiliates.  MacKeyser is the direct owner of American Optical Services, Inc., Exela Hearing Services, LLC, AOS-OMS, LLC, American Optical Services, LLC, and EHS-Riverfront, LLC.  American Optical Services, Inc. and Exela Hearing Services, LLC, are in turn, the direct owners of Optical Management Systems, Inc. and Riverfront Hearing, Inc.,

6

respectively.  The remaining entities are wholly owned subsidiaries of American Optical

Services, LLC.  As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code

Section 101(2) and as used in Bankruptcy Rule 1015(b).  Accordingly, joint administration of the

Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

         10.     The Debtors anticipate that numerous notices, applications, motions, other

pleadings, hearings, and orders in these cases will affect several of the Debtors.  With twenty-

three Debtors, each with its own case docket, the failure to jointly administer these cases would

result in numerous duplicative filings for each issue, which would then be served upon separate

service lists.  This duplication would be extremely wasteful and would unnecessarily overburden

the Clerk of the Court.

         11.     Joint administration will save time and money and avoid such duplicative

and potentially confusing filings by permitting counsel for all parties in interest to (a) use a

single caption on the numerous documents that will be served and filed herein and (b) file the

papers in one case rather than in multiple cases.  Moreover, this Court will be relieved of the

burden of entering duplicative orders and maintaining duplicative files.  Also, joint

administration will ease the burden on the office of the United States Trustee in supervising these

bankruptcy cases.

         12.     Moreover, joint administration of the Debtors' Chapter 11 Cases will

permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to

combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint

administration also will protect parties in interest by ensuring that parties in each of the Debtors'

respective cases will be apprised of the various matters before the Court in these cases.

13.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.  Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

14.     Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings and other filings in the jointly administered cases be as follows:

```
-------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
MACKEYSER HOLDINGS, LLC, et al.,                :   Case No. 14-11550 (___)
                                                :
              Debtors.¹                         :   Jointly Administered
-------------------------------------------------------- x
```

The footnote 1 reference in such caption will set forth a complete listing of each of the Debtor's names, addresses as well as the last four digits of their tax identification numbers.

15.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

16.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' cases (except that of MacKeyser), substantially as follows:

> An order has been entered in this case consolidating this case with the case of MacKeyser Holdings, LLC, Case No. 14-11550 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 14-11550 (__) should be consulted for all matters affecting this case.

17.     In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

18.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. See, e.g., In re Ritz Camera and Image, L.L.C., Case No. 12-11868 (KG) (Bankr. D. Del. June 25, 2012) (order directing joint administration of chapter 11 cases); In re True Temper Sports, Inc., et al., Case No. 09-13446 (PJW) (Bankr. D. Del. Oct. 9, 2009) (same); In re Tribune Company, et. al., Case No. 08-13141 (KJC) (Bankr. D. Del. December 10, 2008) (same).

19.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted. No previous request for the relief sought herein has been made to this or any other court.

9

## NOTICE

20.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the DIP Lenders, (c) the United States Securities and Exchange Commission, (d) the Internal Revenue Service, (e) the Office of the United States Attorney General for the District of Delaware and (f) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       June 21, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.


David R. Hurst (I.D. No. 3743)
Marion M. Quirk (I.D. No. 4136)
Therese A. Scheuer (I.D. No. 5699)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Proposed Counsel for Debtors and Debtors
in Possession*